HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON PAUL CHESTER,<br><br>    Plaintiff,<br><br>  v.<br><br>TACOMA COMMUNITY COLLEGE,<br><br>    Defendant. | CASE NO. C12-5473 RBL<br><br>ORDER<br><br>[Dkt. #s 42 & 43] |

THIS MATTER is before the Court following the Ninth Circuit Court of Appeals' Memorandum Opinion and Mandate [Dkt. #s 42 & 43]. On June 25, 2012, this Court entered an Order denying Chester *in forma pauperis* status [Dkt. # 29] because his complaint lacked merit. Chester appealed, and the Ninth Circuit reversed and remanded because the Court did not give Chester, who is *pro se*, an opportunity to cure the defects in his complaint. On remand, the Court again **DENIES** Chester's application to proceed *in forma pauperis*, but grants Chester leave to amend his complaint to cure the defects outlined below.

As noted in the Court's previous Order, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the propose complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank &* Trust, 821 F.3d 1368, 1369 (9th Cir.

1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). Chester's complaint fails to state a cognizable claim, and thus, lacks merits on its face. Chester claims that Tacoma Community College's failure to provide him access to early class registration constituted a failure to accommodate his disabilities under the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and the Washington Law Against Discrimination, RCW 49.60, *et seq.* He also claims that his subsequent denial of a Pell Grant constituted retaliation under the three statutes. Each of these claims as alleged in his complaint is defective.

The three statutes under which Chester's brings his claim for lack of accommodation during registration each requires a plaintiff to prove similar elements. To prove that a public program or service violated Title II of the ADA, a plaintiff must show that:

> (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.

*Duvall v. Cnty. of Kitsap,* 260 F.3d 1124, 1135 (9th Cir. 2001) (citing *Weinreich v. Los Angeles County Metropolitan Transp. Auth.,* 114 F.3d 976, 978 (9th Cir.1997)). Similarly, a plaintiff bringing suit under § 504 of the Rehabilitation Act must show:

> (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance.

*Id.* Finally, the elements of a prima facie claim of discrimination in a place of public accommodation under the WLAD are:

> (1) the plaintiff is disabled; (2) defendant's establishment is a place of public accommodation; (3) disabled persons are not provided services comparable to those provided nondisabled persons by or at the place of public accommodation; and (4) the disability was a substantial factor causing the discrimination.

ORDER - 2

*Fell v. Spokane Transit Auth.,* 128 Wash.2d 618, 637, 911 P.2d 1319 (Wash.1996) (en banc).

Addressing the claims under these statutes together, Chester has failed to state a cognizable claim for which relief could be granted. Chester is a qualified individual with a disability. He is a hearing impaired individual suffering from epilepsy, bipolar disorder, and anxiety disorder. But Chester's complaint fails because he does not show that his disability prevents him from registering from classes online, or that denying him the opportunity to register early denied him any benefit for which he was due.

Chester does not allege that his disability prevents him from registering for courses online, and there is nothing in his complaint demonstrating how early registration bore any relationship whatsoever to his disability. In order to state a claim, he must allege facts showing that the College's failure to grant him early registration denied him the opportunity to register for classes or in some other way discriminated against him. Chester instead alleges that the school discriminated against him because he did not get into the pre-med courses he needed as pre-requisites for medical school. Class registration for the College is done entirely online, a method in which Chester apparently is able to participate in. [Dkt. #17, Chester's Response at 2]. Chester's discrimination claim is that he did not get *early registration*, not that he did not get to register at all. The mere fact that Chester has disabilities and he did not get into the classes he needed does not raise a discrimination claim under any of the statutes.

Chester has similarly failed to state a retaliation claim under the statutes. To establish such a claim, Chester is generally required to show that (1) he engaged in protected activity, (2) he suffered an adverse action, and (3) the adverse action was causally related to the protected activity. *Pardi v. Kaiser Foundation Hospitals*, 389 F.3d 840, 849 (9th Cir. 2005). Chester claims that the College withheld a Pell Grant from him in retaliation for requesting an

accommodation to register for classes.  Requesting an accommodation is a protected activity. *McAlindin v. County of San Diego,* 192 F.3d 1226, 1238 (9th Cir.1999) (stating that "vigorously asserting [one's] rights" under the ADA and other state and federal discrimination laws constitutes protected activity).  But Chester has failed to plead any facts showing that not receiving a Pell Grant constituted "adverse action" or that there is a causal connection between his request for accommodation and the College's withholding of his Pell Grant.  The only fact Chester alleges to show retaliation is the timing of the two events.  But without some detail as to how the denial of a Pell Grant is related to his request for accommodation, the mere coincidence of timing does not raise an inference of causation and is insufficient to state a retaliation claim under the statutes.

While the Court is skeptical that Chester will be able to cure the deficiencies of his complaint, the Court, out of an abundance of caution, will permit Chester the opportunity to cure the defects through amending the complaint.  If Chester amends the complaint and cures the defects, the Court will reconsider whether he may proceed *in forma pauperis*.  Chester's application to proceed *in forma pauperis* [Dkt. #3] is **DENIED**.  Chester has 30 days from the date of this Order to amend his Complaint to cure the defects noted above.

IT IS SO ORDERED.

Dated this 11th day of December, 2013.

                                        RONALD B. LEIGHTON
                                        UNITED STATES DISTRICT JUDGE